UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

ERIC ANTHONY JOHNSON,

Plaintiff,

v.

BOYD COUNTY DETENTION
CENTER, ET AL.,

Defendants.

Civil No. 0:18-030-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Eric Anthony Johnson is an inmate at the Boyd County Detention Center (BCDC) in Catlettsburg, Kentucky. Proceeding without a lawyer, Johnson filed a civil rights complaint with this Court against Joseph Burchett, the Jailer of the BCDC, as well as several unnamed BCDC employees. This Court, however, dismissed Johnson's complaint without prejudice for several reasons, including but not limited to the fact that his complaint failed to adequately state a claim for relief as required by Rule 8 of the Federal Rules of Civil Procedure. That said, the Court noted that Johnson could file a new complaint that describes the facts of his case and identifies the people, dates, places, and actions relevant to his claims. *See Johnson v. Burchett*, No. 0:18-cv-013-HRW (E.D. Ky. 2018).

Johnson has now filed a new complaint with this Court. [D. E. No. 1]. However, there are once again multiple problems with Johnson's complaint. As an

1

initial matter, Johnson did not file his latest complaint on a form approved for use by this Court, as initially instructed by the Court in its order dismissing his last case. *Johnson v. Burchett*, No. 0:18-cv-013-HRW (E.D. Ky. February 6, 2018).

More importantly, Johnson's latest complaint appears to violate Rule 20's limits on permissive joinder of parties. That Rule only allows a plaintiff to join one claim against one defendant and a different claim against a different defendant in one lawsuit if both claims arise out of the same occurrence or series of occurrences. *See* Fed. R. Civ. P. 20(a)(2)(A).

As best as the Court can tell from Johnson's submission, he is alleging several different unrelated claims against several different defendants. Indeed, Johnson first alleges that four prison officers failed to protect him from a recent February 2018 attack by other inmates. However, Johnson later asserts that, over the past several months, a registered nurse at the prison has not provided him with medication to treat his mental health problems, causing him "to see things that aren't there [and] also to hear voices and [have] problems with paranoia as well." [D. E. No. 1 at 4]. Johnson also claims that, in October 2017, he was the victim of a sexual assault, and a prison officer displayed deliberate indifference to that situation. Johnson then claims there is black mold at the prison causing him emotional distress and breathing problems and that a nurse failed to treat his symptoms. Johnson further alleges that another prison officer threatened him months ago. These are just some of the claims

that Johnson asserts against the nine different defendants he names in his complaint. In short, it appears that Johnson is trying to "throw all of his grievances, against . . . [many] different parties, into one stewpot," which is not permitted by the Federal Rules of Civil Procedure. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

In light of the combination of problems mentioned above, the Court will address Johnson's first claim against four of the defendants and will then dismiss without prejudice his other, unrelated claims against the other defendants. Johnson may pursue those other claims if he so chooses by filing "separate complaints, each confined to one group of injuries and defendants." *Id.*

With respect to Johnson's first claim, he alleges that, on February 12, 2018, multiple inmates physically attacked him and four prison officers failed to protect him from the assault. Johnson's allegations are certainly very serious. However, Johnson is required to first address this matter with prison officials by fully exhausting his administrative remedies before filing a lawsuit with this Court. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). It is obvious from the face of Johnson's complaint that he did not fully exhaust his administrative remedies; after all, Johnson completed and signed his complaint on February 26, 2018, just two weeks after the alleged events in question. Since exhaustion is mandatory under the Prisoner Litigation Reform Act, the Court will dismiss Johnson's claim without prejudice.

*See Fletcher v. Myers*, No. 5:11-cv-141-KKC (E.D. Ky. 2012), *aff'd*, No. 12-5630 (6th Cir. 2013). Ultimately, like Johnson's other claims, he may still pursue this matter; however, he must first fully exhaust his administrative remedies.

Accordingly, it is hereby **ORDERED** as follows:

1. Johnson's failure to protect claim against Officers Miller, Cantrell, Layne, and McKenzie is **DISMISSED** without prejudice for failure to fully exhaust his administrative remedies.

2. Johnson's various other claims are also **DISMISSED** without prejudice because they are improperly joined in this action.

3. Any and all pending motions are **DENIED AS MOOT**.

4. This action is **STRICKEN** from the Court's docket.

5. A corresponding judgment will be entered this date.

This 14th day of March, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge